UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL ROBERT BLOUNT,

    Plaintiff,

v.                                            Case No: 6:17-cv-1441-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance Benefits and Supplemental Security Income payments under the Act. Upon a review of the record, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

### Background

On August 6, 2013, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability commencing on November 1, 2012, due to gastroparesis, diverticulitis, colitis, depression, anxiety and diabetes (Tr. 88, 185-194, 211). His claims were denied initially and on reconsideration (Tr. 126-131, 133-142), and Plaintiff requested and received an administrative hearing before an administrative law judge ("ALJ") (Tr. 36-65, 143-144). On July 12, 2016, the ALJ found Plaintiff not disabled and issued his unfavorable decision (Tr. 14-35). On June 6, 2017, the Commissioner's Appeals Council denied Plaintiff's request for review (Tr. 1-

6), making the July 12, 2016 decision the final decision of the Commissioner. This appeal timely followed (Doc. 1). The case is ripe for review pursuant to 42 U.S.C. § 405(g), and has been referred to me for issuance of a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration which appears in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 19). At step two, the ALJ determined that Plaintiff had the severe impairments of disorders of the gastrointestinal system, diabetes mellitus, obesity, an affective disorder, and anxiety (20 C.F.R. 404.1520(c) and 416.920(c)). (Tr. 19). But, the ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

>    perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can only frequently climb ramps and stairs, stoop, and crawl, but never climb ladders, ropes, or scaffolds. He should never be exposed to unprotected heights, moving mechanical parts, extreme heat, and vibration. The claimant is limited to performing simple, routine, and repetitive tasks. He is limited to making simple work-related decisions. He can have occasional contact with supervisors, coworkers, and the public. He can tolerate few changes in a routine work setting.

(Tr. 22).

At step four, the ALJ determined that Plaintiff was unable to perform his past work as a construction manager (Tr. 28).[1] However, after applying the Medical-Vocational Guidelines as a framework for decision making, and considering a vocational expert's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff could perform a significant number of jobs in the national economy (Tr. 28-29), and was therefore not under a disability from November 1, 2012, through the July 12, 2016 decision (Tr. 29-30).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a

---

[1] Plaintiff was fifty-seven years old on his alleged disability onset date and sixty-one years old on the date of the ALJ's decision, with a high school education and past work experience as a senior project manager for a construction company (Tr. 60, 185, 212).

- 3 -

conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff complains that the ALJ improperly discounted the opinions of his treating psychiatrist Rex A. Birkmire, M.D.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the

evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinions, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight.'" Hill v. Barnhart, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); see also Sullivan v. Comm'r. Soc. Sec., No. 6:12-cv-996-Orl-22, 2013 WL 4774526, at *7 (M.D. Fla. Sept. 4, 2013); Bumgardner v. Comm'r Soc. Sec., No. 6:12-cv-18-Orl-31, 2013 WL 610343, at *10 (M.D. Fla. Jan. 30, 2013); Bliven v. Comm'r Soc. Sec., No. 6:13-cv-1150-Orl-18, 2014 WL 4674201, at *3 (M.D. Fla. Sept. 18, 2014); Graves v. Comm'r Soc. Sec., No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. See 20 C.F.R. § 404.1527(c) (2); Crawford, 363 F.3d at 1161. Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See

20 C.F.R. §§ 404.1527, 416.927, and Winschel.[2]

In January 2009, more than three years prior to Plaintiff's alleged disability onset date, Plaintiff started treating with Dr. Birkmire for depression and anxiety (Tr. 341-351). He continued to see Dr. Birkmire through the date of the ALJ's decision (Tr. 324-340, 476-499). On June 2, 2015, Dr. Birkmire completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) form, finding Plaintiff to be severely limited in several areas of functioning (Tr. 426-428). The ALJ reviewed, summarized and weighed this opinion, finding:

> Rex A Birkmire, M.D., the claimant's treating physician at Ashlawn Consulting, indicated in June 2015 that the claimant had extreme difficulties in the following areas: understanding and remembering complex instructions; carrying out complex instructions; making judgments on complex work-related decisions; interacting appropriately with supervisors and coworkers; and responding appropriately to work situations and to changes in a routine work setting. He had marked limitations interacting appropriately with the public and making judgments on simple work-related decisions. The claimant had moderate difficulties understanding and remembering simple instructions and carrying out simple instructions (Exhibit 10F).
>
> Little weight is accorded to Dr. Birkmire's opinions because they are inconsistent with his own treatment records, the findings on mental status examinations, and the reported activities inconsistent with total debilitation. Specifically, the claimant bathed and dressed independently, prepared meals, fed the dogs, cleaned the pool filter, did laundry, drove a vehicle, and shopped. He also watched television, did research on the internet, and read (Exhibits 6E, 10E, 5F/2, and Hearing Testimony). In addition, he was consistently cooperative with examiners, maintained good eye contact, and denied suicidal and homicidal ideations. Further, his speech was clear and his memory, insight, judgment, attention, and concentration were repeatedly intact on mental status examinations. Moreover, other than in October 2015,

---

[2] On January 18, 2017, Defendant published "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. See also 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). These final rules are effective as of March 27, 2017, and thus do not apply to the ALJ's decision here.

- 6 -

> his mood and affect were normal (Exhibits 2F, 4F, 5F, 7F, 11F-13F, 15F, and 16F). The record also documents some improvement with treatment. For example, Dr. Birkmire noted on October 17, 2012 and June 18, 2013 that the claimant was doing well. Dr. Birkmire later indicated he was stable on September 5, 2013 (Exhibit 4F/1-4).

(Tr. 26-27). Plaintiff argues that the ALJ's reasons for rejecting Dr. Birkmire's opinions are not based on the correct legal standards or supported by substantial evidence in that the ALJ found Plaintiff's daily activities to be "inconsistent with total debilitation," but there is no requirement that an individual be totally debilitated in order to be found disabled; and other evidence supports Dr. Birkmire's opinions. Neither contention is persuasive.

Plaintiff correctly notes that "participation in everyday activities of short duration, such as housework or fishing, [does not] disqualif[y] a claimant from disability ...." Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997). But there is no finding that Plaintiff was not disabled due to an ability to perform limited activities of short duration. Rather, Plaintiff's ability to perform these activities was considered as evidence in the context of evaluating a medical opinion and, although Plaintiff contends that none of the cited activities of daily living conflict with Dr. Birkmire's opinions regarding Plaintiff's ability to perform competitive work activity, Plaintiff's acknowledged ability to drive, shop and perform research is inconsistent with marked limitations on interacting appropriately with the public, understanding instructions, and making judgments on simple work-related decisions.

Plaintiff also contends that Dr. Birkmire is his long-time treating mental health provider whose opinion should have been accorded substantial weight because mental health symptoms wax and wane, and, despite ECT treatment,[3] Plaintiff's depressive

---

[3] Electroconvulsive therapy ("ECT") is a procedure done under general anesthesia, in which small electric currents are passed through the brain, intentionally triggering a brief seizure. ECT seems to cause

- 7 -

symptoms continued. While I agree that mental health impairments are not static and the record does contain evidence of continued depression, this argument is of no moment. A diagnosis of a condition does not establish that Plaintiff has additional work-related limitations. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). To the extent Plaintiff's argument amounts to a contention that there is other evidence which could support a different conclusion, that is not the standard of review. It is not the task of this Court to adjudicate Plaintiff's applications and weigh the evidence in the first instance. The issue is whether *this* administrative decision was formulated in accordance with proper legal standards and supported by substantial evidence. "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir.1983). "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Id. See also Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir.1996); Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). Applying the appropriate standard, I find the ALJ's decision was made in accordance with proper legal standards and is supported by the substantial evidence the ALJ cites.[4]

### Recommendation

As the Commissioner's administrative decision comports with proper legal standards and is supported by substantial evidence, I **respectfully recommend** that the

---

changes in brain chemistry that can quickly reverse symptoms of certain mental illness. (Doc. 13, n. 1).

[4] As noted by the ALJ, Plaintiff's mental status examinations were largely benign. Plaintiff was cooperative with examiners; maintained good eye contact; denied suicidal and homicidal ideations; spoke clearly; demonstrated intact memory, insight, judgment, attention, and concentration; and generally displayed a normal mood and affect (Tr. 27, 354, 456, 477, 480, 483, 486, 489, 492, 495, 503).

Commissioner's final decision in this case be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 6, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record